# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT PIERCE DIVISION

| | |
|---|---|
| ESTATE OF TYRONE MILES, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF WILLIAM D. SNYDER, as Sheriff of MARTIN COUNTY; the MARTIN COUNTY SHERIFF'S OFFICE and its agents, servants, employees, employers, officers of Martin County, Florida; SAMUEL KIMMEL; and WILLIAM BROWN, individually as Deputy Sheriffs of the Martin County Sheriff's Office; and UNKNOWN DEPUTIES 1-10, individually as Deputy Sheriffs of the Martin County Sheriff's Office. <br><br> Defendants. | Civil Division <br><br><br><br> Case No.: <br> 2:23-cv-14302-XXXX v. SNYDER et al <br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiff, the Estate of TYRONE MILES, JR., sues the Defendants, SHERIFF WILLIAM D. SNYDER, as Sheriff of MARTIN COUNTY, the MARTIN COUNTY SHERIFF'S OFFICE and its agents, servants, employees, employers, officers of MARTIN County, Florida, et al., SAMUEL KIMMEL and WILLIAM BROWN, individually and in their official capacities as Deputy Sheriffs of the MARTIN County Sheriff's Office, and alleges as follows:

## GENERAL ALLEGATIONS

1. This is a wrongful death action arising out of the violation of the decedent, TYRONE MILES, JR.'s constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. Sections 1983 and

1988, in which the damages at issue exceed One Hundred Thousand Dollars ($100,000), exclusive of interest and costs.

2. The Plaintiff, TYRONE MILES, SR., was and is a resident of Broward County, Florida, and has been appointed as the Personal Representative of the Estate of TYRONE MILES, JR.

3. At all times material, SHERIFF WILLIAM D. SNYDER (hereinafter referred to as "SHERIFF SNYDER"), was and is the elected Sheriff of MARTIN County, Florida. At all times material hereto, SHERIFF SNYDER was and is responsible for the administration of law enforcement service in MARTIN County, Florida.

4. At all times material, SHERIFF WILLIAM D. SNYDER was acting under the color of state law inasmuch as he was serving in the capacity of Sheriff of MARTIN County and presiding over the MARTIN County Sheriff's Office on February 7, 2023.

5. At all times material, SHERIFF SNYDER, as Sheriff, was and is responsible for the conduct of the deputies in his employ and ensuring that his deputies, employees, servants and agents obey the laws of the State of Florida and the United States.

6. At all times material, the Defendant, MARTIN COUNTY SHERIFF'S OFFICE (hereinafter referred to as the "MCSO"), was and is a law enforcement agency within the State of Florida, and is charged with the responsibility of providing for the protection of life and property of people within Martin County.

7. The Defendant MCSO, at all times material, acted by and through its deputies, agents, servants, and/or employees, including, but not limited to, SHERIFF WILLIAM D. SNYDER, Deputy Sheriff SAMUEL KIMMEL, and Deputy Sheriff WILLIAM BROWN, and the law enforcement officers of Defendant MCSO, who at all times conducted themselves within the course and scope of their employment and/or

agency relationships and were acting under color of state law when they stopped and attempted to arrest TYRONE MILES, JR. on February 7, 2023.

8. At all times material, the Defendant, Deputy Sheriff SAMUEL KIMMEL (hereinafter referred to as the "Defendant KIMMEL"), was and is a duly appointed Deputy Sheriff of MARTIN County, and was employed by the Defendant MCSO. At all times material hereto, Defendant KIMMEL was acting under color of state law inasmuch as he was acting within the course and scope of his employment and/or agency relationships with the Defendant MCSO when he stopped and attempted to arrest TYRONE MILES, JR. on February 7, 2023.

9. At all times material, the Defendant, Deputy Sheriff WILLIAM BROWN (hereinafter referred to as the "Defendant BROWN"), was and is a duly appointed Deputy Sheriff of MARTIN County, and was employed by the Defendant MCSO. At all times material hereto, Defendant BROWN was acting under color of state law inasmuch as he was acting within the course and scope of his employment and/or agency relationships with the Defendant MCSO when he participated in the attempted arrest of TYRONE MILES, JR. on February 7, 2023.

10. It is alleged that the federal violations asserted herein were committed as a result of the deliberate indifference to the constitutional rights of TYRONE MILES, JR. by all of the Defendants.

11. The acts and practices constituting the violations alleged herein have occurred in MARTIN County, Florida. In connection with the acts, practices and violations alleged herein, each Defendant has, directly or indirectly, violated the constitutional rights of TYRONE MILES, JR..

## FACTUAL ALLEGATIONS

12. On February 7, 2023, at or around 2:00 a.m., acting on information received from the Miami Gardens Police Department about a stolen vehicle, Defendant KIMMEL, while in a marked MCSO police vehicle, activated his police lights and attempted to conduct a traffic stop of a vehicle being driven by the decedent TYRONE MILES, JR.

13. When the decedent TYRONE MILES, JR. did not stop, Defendant KIMMEL reported that the vehicle being driven by the decedent TYRONE MILES, JR. was the vehicle that had been reported as stolen in Miami Dade County. Defendant KIMMEL then initiated a pursuit of decedent's vehicle as it exited I-95 at Indiantown Avenue exit ramp.

14. Defendant KIMMEL and then briefly broke pursuit and proceeded to SW Warfield Boulevard with other deputies, where he spotted the decedent's vehicle and radioed its position and heading back north towards Indiantown Avenue, before Defendant KIMMEL resumed pursuit of the vehicle.

15. As Defendant KIMMEL continued his pursuit of the decedent's vehicle, decedent TYRONE MILES crossed the road median, going north in the southbound lanes of traffic.

16. Regardless, Defendant KIMMEL continued the high speed pursuit of the decedent as both vehicles continued on SW Indiantown Avenue before turning west onto SW Kanner Highway.

17. Following a failed attempt with other deputies to stop the decedent's vehicle with a tire deflation device, Defendant BROWN also resumed the high speed pursuit of the decedent in a marked vehicle behind Defendant KIMMEL's.

18. As a result of Defendants KIMMEL and BROWN's continued pursuit, decedent TYRONE MILES, JR. lost control of the vehicle, which veered off the road on the north side of SW Kanner Highway, crashing close to the St. Lucie Canal.

19. Defendant KIMMEL then accelerated into the rear of decedent's vehicle, initiating a "vehicle immobilization technique" by ramming his push bumper into the rear bumper of the decedent's vehicle.

20. Defendant KIMMEL then exited his vehicle as if to pursue decedent TYRONE MILES on foot through the large brush near the canal, obscuring his body camera as he did so.

21. Seconds behind Defendant KIMMEL, Defendant BROWN pulled up alongside the vehicle's driver's side and yelled a command with his gun drawn. Defendant BROWN also exited his vehicle as if to pursue TYRONE MILES, JR. on foot into the dangerous brush near canal.

22. Upon information and belief, other unknown Deputy Sheriffs of the Defendant MCSO, also attempted to apprehend the decedent, TYRONE MILES, JR., in the grassy area adjacent to the St. Lucie canal.

23. Upon information and belief, at no time material did the decedent, TYRONE MILES, JR., pose a threat of immediate harm to Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO.

24. Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, used excessive force during the course of their pursuit and apprehension of the decedent, TYRONE MILES, JR., in that they repeatedly assaulted and severely beat TYRONE MILES, JR..

25. Outside of visual or radio contact with Defendant BROWN, Defendant

KIMMEL and other Deputy Sheriff's waited by the abandoned vehicle, with weapons drawn, until Defendant KIMMEL turned off his body camera's audio before he and other unknown Deputy Sheriffs entered the grassy area near the canal at approximately 2:58 a.m.

26. At this time, while Defendant KIMMEL turned the audio on his body camera back on, he nevertheless obscured the video from the camera while he, Defendant BROWN, and other unknown deputies of MCSO discussed an apparent footprint found along the canal.

27. Defendants called off the search for decedent TYRONE MILES, JR. at approximately 5:00 am.

28. On February 10, 2023, at approximately 11:00 a.m.—three days after Defendants KIMMEL, BROWN, and other unknown MSCO deputies pursued and apprehended him—TYRONE MILES, JR.'s dead body was recovered from the St. Lucie Canal.

29. The Medical Examiner's office concluded the decedent TYRONE MILES, JR.'s cause of death was accidental drowning.

30. However, an independent and more thorough forensic medical examination revealed that the decedent TYRONE MILES, JR. sustained multiple blunt force traumatic injuries to his upper arms, writs, right hand, left lower thigh, knee, and upper foreleg, and suffered an acute spinal cord injury.

31. Additionally, the independent forensic medical examination revealed that the decedent TYRONE MILES, JR. sustained pulmonary edema and congestion, which is common in drowning cases.

32. The independent forensic pathologist concluded that decedent TYRONE MILES, JR.'s cause of death was pulmonary edema and congestion from drowning,

complicated by unexplained compressive-type blunt force injury of the upper and lower extremities suggesting homicidal drowning.

33. As a direct and proximate result of the life threatening and debilitating injuries caused by the Defendants, TYRONE MILES, JR. died in the St. Lucie Canal on February 7, 2023.

34. By their deliberate indifference, Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, encouraged and caused and/or acquiesced in the beating and/or drowning death of TYRONE MILES, JR..

35. Defendants, SHERIFF SNYDER and MCSO, each had a duty to ensure that reasonable measures were taken to provide for the safety of people within MARTIN County, including, the safety of individuals involved in the pursuit, apprehension, and attempted arrest of TYRONE MILES, JR. by deputies, agents, servants, and/or employees during the course and scope of their employment and/or agency relationships with the Defendants, SHERIFF SNYDER and MCSO.

36. Defendants, SHERIFF SNYDER and MCSO, had a duty to train, supervise, control, monitor and otherwise ensure that Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, did not violate the constitutional rights of persons including, TYRONE MILES, JR.. The Defendants, SHERIFF SNYDER and MCSO's, failure to comply with and/or ensure the appropriate implementation and/or operation of their policies and procedures pertaining to police training in the appropriate methods of pursuing, detaining, and arresting suspected citizens, and to adequately instruct, discipline and supervise their deputies, agents and/or employees, amounts to a deliberate indifference to the right of persons with whom their Deputy Sheriffs came into contact including, TYRONE MILES, JR..

37. The acts and omissions of all Defendants, and each of them, constitute a course of conduct and/or failure to act amounting to a deliberate indifference to the rights, health, safety, and welfare of TYRONE MILES, JR., resulting in the deprivation of his constitutional rights under federal law.

38. The acts and omissions of the Defendants violated clearly established and well settled federal constitutional rights of TYRONE MILES, JR., i.e., unlawful and unreasonable search and seizure and due process under the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of the acts and omissions of the Defendants as set forth above, TYRONE MILES, JR. died.

40. TYRONE MILES, JR. is survived by his one minor child: A.A.S born in 2022.

## COUNT I

### VIOLATION OF TYRONE MILES, JR.'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST SHERIFF WILLIAM D. SNYDER

41. Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 40, and further alleges as follows:

42. At all times material hereto, Defendant SNYDER was responsible for adopting and implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining, and assigning deputies, agents, and/or employees to their duties within the Martin County Sheriff's Office.

43. At all times material, Defendant SNYDER was responsible for adopting, implementing, complying and enforcing the rules and regulations in regard to the appropriate methods of pursuing, detaining, and arresting suspected citizens, and to

adequately instruct, discipline, and supervise the deputies, agents, and/or employees of the Martin County Sheriff's Office.

44. Defendant SNYDER was deliberately indifferent to his duties in that he either expressly or impliedly acknowledged and assented to the failure to train, supervise, control, monitor, or otherwise screen employees of the Martin County Sheriff's Office including, but not limited to, Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, for excessively violent propensities, lack of training, skill, judgment, and/or temperament, or other characteristics making said deputies and employees unfit to perform their duties at the Martin County Sheriff's Office.

45. The conduct of Defendant SNYDER in his failure to train, supervise and/or discipline his deputy sheriffs, agents and/or employees, was deliberately indifferent to the constitutional rights of all persons including, TYRONE MILES, JR., by among other things

    a. Engaging in a custom or policy of condoning alleged instances of police brutality without punishing his deputies, agents, and/or employees, including, but not limited to, permitting and tolerating the practice of unjustified and unreasonable uses of excessive force by the deputies, agents, and/or employees of the Martin County Sheriff's Office under the color of law;

    b. Engaging in a custom or policy to inadequately and improperly investigate citizen complaints of police misconduct;

    c. Failing to adequately and appropriately train, supervise, control, and monitor deputies, agents and/or employees of the Martin County Sheriff's Office in regards to the appropriate methods of pursuing, detaining, and arresting suspects;

    d. Failing to adequately and appropriately train, supervise, control, and monitor the deputies, agents, and/or employees of the MARTIN County Sheriff's Office

in regards to the proper use of force during the apprehension and arrest of suspected citizens including, TYRONE MILES, JR..

46. Defendant SNYDER abdicated his oversight responsibilities, thereby allowing the Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, to ignore the requirements of law and the policies of the MARTIN County Sheriff's Office and constituted a deliberate indifference of the constitutional rights of all persons including, TYRONE MILES, JR..

47. The foregoing acts, omissions, policies, or customs of Defendant SNYDER caused the Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, to violate TYRONE MILES, JR.'s constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution.

48. The deliberate indifference of Defendant SNYDER violated the constitutional rights of all persons including, TYRONE MILES, JR., for which 42 U.S.C. § 1983 provides a remedy.

49. As a direct and proximate result of the deliberate indifference of Defendant SNYDER, TYRONE MILES, JR. was pursued, assaulted, and severely beaten by Defendants KIMMEL and BROWN, and other unknown Deputy Sheriffs of the Defendant MCSO, resulting in multiple blunt force traumatic injuries to his upper arms, writs, right hand, left lower thigh, knee, and upper foreleg, and an acute spinal cord injury and subsequent drowning death. As such, Defendant SNYDER is liable for the tragic and untimely death suffered by TYRONE MILES, JR..

50. As a direct and proximate result of the foregoing acts and omissions of Defendant SNYDER, TYRONE MILES, SR., as the Personal Representative of the Estate of TYRONE MILES, JR., is entitled to recover all damages allowed under 42 U.S.C. §

1983. These damages include, but are not limited to, the following:

    a.    Medical and funeral expenses;

    b.    Loss of net accumulations beyond death; and

    c.    All damages allowable under federal law.

51. As a direct and proximate result of the foregoing acts and omissions of Defendant SNYDER, TYRONE MILES, JR.'s surviving children are entitled to recover:

    a.    Mental pain and suffering from the date of death;

    b.    Loss of support and services from the date of injury to death, with interest;

    c.    Future loss of support and services from the date of death;

    d.    Loss of their father's companionship, instruction, and guidance; and

    e.    All damages allowable under federal law.

WHEREFORE, the Plaintiff, TYRONE MILES, SR. as the Personal Representative of the Estate of TYRONE MILES, JR., demands judgment for damages against the Defendant, SHERIFF WILLIAM D. SNYDER, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT II

### VIOLATION OF TYRONE MILES, JR.'S CONSTITUITONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST SAMUEL KIMMEL

52. Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 40, and further alleges as follows:

53. At all times material hereto, Defendant KIMMEL used excessive force under the color of state law when he pursued, stopped, and attempted to arrest TYRONE

MILES, JR. on February 7, 2023, in violation of TYRONE MILES, JR.'s constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

54.  Defendant KIMMEL inflicted severe injury upon TYRONE MILES, JR. that was grossly disproportionate to the force necessary to pursue, detain, and arrest TYRONE MILES, JR., which constitutes a deliberate indifference to TYRONE MILES, JR.'s constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

55.  The deliberate indifference of Defendant KIMMEL violated the constitutional rights of all persons including, TYRONE MILES, JR., for which 42 U.S.C. § 1983 provides a remedy.

56.  As a direct and proximate result of the deliberate indifference of Defendant KIMMEL, TYRONE MILES, JR. was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his upper arms, writs, right hand, left lower thigh, knee, and upper foreleg, and an acute spinal cord injury and subsequent drowning death. As such, Defendant KIMMEL is liable for the tragic and untimely death suffered by TYRONE MILES, JR..

57.  At all times material hereto, upon information and belief, Defendant KIMMEL violently beat TYRONE MILES, JR. in a grassy area near the St. Lucie Canal embankment while TYRONE MILES, JR. was in his custody. Defendant KIMMEL continued beating TYRONE MILES, JR. into the bushes that were perilously close to the edge of the embankment.

58.  At all times material hereto, Defendant KIMMEL exposed TYRONE MILES, JR. to an unreasonably high risk of fatal harm when he failed to undertake

reasonable efforts to prevent TYRONE MILES, JR. from entering the St. Lucie Canal, which he himself claims was too dangerous for him to venture into.

59. Once TYRONE MILES, JR. entered the canal, Defendant KIMMEL failed to act swiftly to prevent him from getting too far out across the canal to be saved.

60. Defendant KIMMEL made a conscious decision to do nothing to save TYRONE MILES, JR. from the mortal danger to which Defendant KIMMEL had unreasonably and unconscionably exposed the decedent.

61. This sequence of acts and omissions by Defendant KIMMEL clearly evinced a deliberate indifference to the rights, health, safety, and welfare of TYRONE MILES, JR., resulting in the deprivation of his Fourteenth Amendment due process rights to be protected from harm, including serious bodily harm, and/or death pursuant to 42 U.S.C. § 1983.

62. As a direct and proximate result of the foregoing acts and omissions of Defendant KIMMEL, TYRONE MILES, SR. as the Personal Representative of the Estate of TYRONE MILES, JR., is entitled to recover all damages allowed, pursuant to 42 U.S.C. § 1983. These damages include, but are not limited to, the following:

    a.    Medical and funeral expenses;

    b.    Loss of net accumulations beyond death; and

    c.    All damages allowable under federal law.

63. As a direct and proximate result of the foregoing acts and omissions of Defendant KIMMEL, TYRONE MILES, JR.'s surviving children are entitled to recover:

    a.    Mental pain and suffering from the date of death;

    c.    Loss of support and services from the date of injury to death, with interest;

  c. Future loss of support and services from the date of death;

  d. Loss of their father's companionship, instruction and guidance; and

  e. All damages allowable under federal law.

WHEREFORE, the Plaintiff, TYRONE MILES, SR. as the Personal Representative of the Estate of TYRONE MILES, JR., demands judgment for damages against the Defendant, SAMUEL KIMMEL, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs, and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT III

### VIOLATION OF TYRONE MILES, JR.'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST WILLIAM BROWN

64. Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 40, and further alleges as follows:

65. At all times material hereto, Defendant BROWN used excessive force under the color of state law when he pursued, stopped, and attempted to arrest TYRONE MILES, JR. on February 7, 2023, in violation of TYRONE MILES, JR.'s constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

66. Defendant BROWN inflicted severe injury upon TYRONE MILES, JR. that was grossly disproportionate to the force necessary to pursue, detain, and arrest TYRONE MILES, JR., which constitutes a deliberate indifference to TYRONE MILES, JR.'s constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

67. The deliberate indifference of Defendant BROWN violated the constitutional rights of all persons including, TYRONE MILES, JR., for which 42 U.S.C. § 1983 provides a remedy.

68. As a direct and proximate result of the deliberate indifference of Defendant BROWN, TYRONE MILES, JR. was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his upper arms, writs, right hand, left lower thigh, knee, and upper foreleg, and an acute spinal cord injury and subsequent drowning death. As such, Defendant BROWN is liable for the tragic and untimely death suffered by TYRONE MILES, JR..

69. At all times material hereto, upon information and belief, Defendant BROWN violently beat TYRONE MILES, JR. in a grassy area near the St. Lucie Canal embankment while TYRONE MILES, JR. was in his custody. Defendant BROWN continued beating TYRONE MILES, JR. into the bushes that were perilously close to the edge of the embankment.

70. At all times material hereto, Defendant BROWN exposed TYRONE MILES, JR. to an unreasonably high risk of fatal harm when he failed to undertake reasonable efforts to prevent TYRONE MILES, JR. from entering the St. Lucie Canal, which he himself claims was too dangerous for him to venture into.

71. Once TYRONE MILES, JR. entered the canal, Defendant BROWN failed to act swiftly to prevent him from getting too far out across the canal to be saved.

72. Defendant BROWN made a conscious decision to do nothing to save TYRONE MILES, JR. from the mortal danger to which Defendant BROWN had unreasonably and unconscionably exposed the decedent

73. This sequence of acts and omissions by Defendant BROWN clearly evinced a deliberate indifference to the rights, health, safety, and welfare of TYRONE MILES, JR., resulting in the deprivation of his Fourteenth Amendment due process rights to be protected from harm, including, serious bodily harm, and/or death pursuant to 42 U.S.C. § 1983.

74. As a direct and proximate result of the foregoing acts and omissions of Defendant BROWN, TYRONE MILES, SR. as the Personal Representative of the Estate of TYRONE MILES, JR., is entitled to recover all damages allowed, pursuant to 42 U.S.C. § 1983. These damages include, but are not limited to, the following:

   a. Medical and funeral expenses;
   b. Loss of net accumulations beyond death; and
   c. All damages allowable under federal law.

75. As a direct and proximate result of the foregoing acts and omissions of Defendant BROWN, TYRONE MILES, JR.'s surviving children are entitled to recover:

   a. Mental pain and suffering from the date of death;
   d. Loss of support and services from the date of injury to death, with interest;
   c. Future loss of support and services from the date of death;
   d. Loss of their father's companionship, instruction, and guidance; and
   e. All damages allowable under federal law.

WHEREFORE, the Plaintiff, TYRONES MILES, SR. as the Personal Representative of the Estate of TYRONE MILES, JR., demands judgment for damages against the Defendant, WILLIAM BROWN, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT IV

### VIOLATION OF TYRONE MILES, JR.'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS UNKNOWN DEPUTIES 1-10

76. Plaintiff realleges and reaffirms all of the allegations contained in paragraphs 1 through 40, and further alleges as follows:

77. At all times material hereto, Defendants UKNOWN DEPUTIES 1-10 used excessive force under the color of state law when they pursued, stopped, and attempted to arrest TYRONE MILES, JR. on February 7, 2023, in violation of TYRONE MILES, JR.'s constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

78. Defendants UKNOWN DEPUTIES 1-10 inflicted severe injury upon TYRONE MILES, JR. that was grossly disproportionate to the force necessary to pursue, detain, and arrest TYRONE MILES, JR., which constitutes a deliberate indifference to TYRONE MILES, JR.'s constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution

79. The deliberate indifference of Defendants UKNOWN DEPUTIES 1-10 violated the constitutional rights of all persons including, TYRONE MILES, JR., for which 42 U.S.C. § 1983 provides a remedy.

80. As a direct and proximate result of the deliberate indifference of Defendants UKNOWN DEPUTIES 1-10, TYRONE MILES, JR. was assaulted and severely beaten resulting in multiple blunt force traumatic injuries to his upper arms, writs, right hand, left lower thigh, knee, and upper foreleg, and an acute spinal cord injury and subsequent

drowning death. As such, Defendants UKNOWN DEPUTIES 1-10 are liable for the tragic and untimely death suffered by TYRONE MILES, JR.

81. At all times material hereto, upon information and belief, Defendants UKNOWN DEPUTIES 1-10 violently beat TYRONE MILES, JR. in a grassy area near the St. Lucie Canal embankment while TYRONE MILES, JR. was in his custody. Defendants UKNOWN DEPUTIES 1-10 continued beating TYRONE MILES, JR. into the bushes that were perilously close to the edge of the embankment.

82. At all times material hereto, Defendants UKNOWN DEPUTIES 1-10 exposed TYRONE MILES, JR. to an unreasonably high risk of fatal harm when they failed to undertake reasonable efforts to prevent TYRONE MILES, JR. from entering the St. Lucie Canal, which they knew was too dangerous even for them to venture into.

83. Once TYRONE MILES, JR. entered the canal, Defendants UKNOWN DEPUTIES 1-10 failed to act swiftly to prevent him from getting too far out across the canal to be saved.

84. Defendants UKNOWN DEPUTIES 1-10 made a conscious decision to do nothing to save TYRONE MILES, JR. from the mortal danger to which they had unreasonably and unconscionably exposed the decedent.

85. This sequence of acts and omissions by Defendants UKNOWN DEPUTIES 1-10 clearly evinced a deliberate indifference to the rights, health, safety, and welfare of TYRONE MILES, JR., resulting in the deprivation of his Fourteenth Amendment due process rights to be protected from harm, including, serious bodily harm, and/or death pursuant to 42 U.S.C. § 1983.

86. As a direct and proximate result of the foregoing acts and omissions of Defendants UKNOWN DEPUTIES 1-10, TYRONE MILES, SR. as the Personal

Representative of the Estate of TYRONE MILES, JR., is entitled to recover all damages allowed, pursuant to 42 U.S.C. § 1983. These damages include, but are not limited to, the following:

    a.    Medical and funeral expenses;

    b.    Loss of net accumulations beyond death; and

    c.    All damages allowable under federal law.

87. As a direct and proximate result of the foregoing acts and omissions of Defendants UKNOWN DEPUTIES 1-10, TYRONE MILES, JR.'s surviving children are entitled to recover:

    a.    Mental pain and suffering from the date of death;

    e.    Loss of support and services from the date of injury to death, with interest;

    f.    Future loss of support and services from the date of death;

    g.    Loss of their father's companionship, instruction, and guidance; and

    h.    All damages allowable under federal law.

**WHEREFORE**, the Plaintiff, TYRONES MILES, SR. as the Personal Representative of the Estate of TYRONE MILES, JR., demands judgment for damages against the Defendants UKNOWN DEPUTIES 1-10, in excess of One Hundred Thousand Dollars ($100,000.00), plus interest, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and all other relief deemed just and proper under the circumstances, and demands a trial by jury of all issues triable as a matter of right by a jury.

DATED this 6th day of October, 2023.

                                                Respectfully submitted,

**BYRON ACOSTA, P.A.**
Attorneys for Plaintiffs
8461 Lake Worth Rd Ste 466
Lake Worth, FL 33467-2474
Telephone: (561) 805-3580
Facsimile: (561) 805-3601

**<u>s/Byron B. Acosta, Esq</u>**
**BYRON B. ACOSTA**
Fla. Bar No. 1039193