UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ESTATE OF TYRONE MILES, JR.,                          CASE NO.: 2:23-cv-14302-MOORE

      Plaintiff,

v.

SHERIFF WILLIAM D. SNYDER, as Sheriff of
MARTIN COUNTY; the MARTIN COUNTY
SHERIFF'S OFFICE and its agents, servants,
employees, employers, officers of Martin County,
Florida; SAMUEL KIMMEL; and WILLIAM
BROWN, individually as Deputy Sheriffs of the
Martin County Sheriff's Office; and UNKNOWN
DEPUTIES 1-10, individually as Deputy Sheriffs
of the Martin County Sheriff's Office,

      Defendants.

_____/

## <u>DEFENDANTS' MOTION TO STAY DISCOVERY</u><br><u>PENDING A RULING ON MOTION TO DISMISS</u><br>(AND MEMORANDUM OF LAW)

    The Defendants, by and through their undersigned counsel,  pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, hereby file this Motion to Stay Discovery Pending a Ruling on

their Motion to Dismiss (and Memorandum of Law) and in support thereof state as follows:

    1.      On October 6, 2023, Plaintiff instituted this lawsuit against SHERIFF WILLIAM

D. SNYDER, as Sheriff of MARTIN COUNTY; the MARTIN COUNTY SHERIFF'S OFFICE

and its agents, servants, employees, employers, officers of Martin County, Florida; SAMUEL

KIMMEL; and WILLIAM BROWN, individually as Deputy Sheriffs of the Martin County

Sheriff's Office; and UNKNOWN DEPUTIES 1-10, individually as Deputy Sheriffs of the Martin

County Sheriff's Office. Plaintiff's four Count Complaint consists of federal claims pursuant to

section 1983 regarding an incident that occurred in February of 2023. Specifically, the Complaint

alleges that Defendants Kimmel and Brown used excessive force upon Tyrone Miles, Jr. and were

1

deliberately indifferent to his safety and welfare following an early morning incident on February 7, 2023 when Miles fled from police, first in a car which was reportedly stolen, and then on foot. Mr. Miles' dead body was recovered three days later in the St. Lucie Canal. The Complaint appears to claim that Defendants Kimmel and Brown caused Mr. Miles' death because of "unexplained compressive-type blunt force injury of the [body's] upper and lower extremities." [DE 1, ¶32].

2.      On December 14, 2023, the Defendants filed their Motion to Quash Service on "Unknown Deputies 1-10" [DE 14] and Motion to Dismiss Plaintiff's Complaint. [DE 16].

3.      On December 29, 2023, this Honorable Court entered a Paperless Order Dismissing this Case Without Prejudice for the parties' failure to comply with filing a joint scheduling report. Subsequently, all pending motions were denied as moot. [DE 21].

4.      Following a Motion to Reopen Case [DE 22], on February 28, 2024, this Honorable Court entered a Paperless Order granting said motion and vacating the order dismissing this action without prejudice [DE 23]. In this Paperless Order, the Court directed the Parties to move the Court to reopen any previously filed motion that was mooted when this case was closed.

5.      Thereafter, on March 11, 2024, Defendants filed their Unopposed Motion to Reinstate Defendants' Motions at DE 14 and DE 16 [DE 29] which was granted by the Court on March 12, 2024. [DE 31].

6.      By March 28, 2024, the parties fully briefed Defendants' Motion to Dismiss and Motion to Quash. [DE 34 - DE 37].

7.      In their Motion to Dismiss, Defendants Kimmel and Brown raised a qualified

immunity defense to Plaintiff's claims to the extent they were named in their individual capacity[1]. The Court has not yet ruled on this Motion to Dismiss.

8.     On February 28, 2024, this Honorable Court entered a paperless Order Scheduling Trial in Fort Pierce. This Order set the case for trial commencing the two-week trial period of December 16, 2024. Pursuant to this Order, the deadline for discovery is currently September 9, 2024.

9.     Plaintiff's counsel recently sent Interrogatories and Requests for Production to each of the Defendants and indicated that he wishes to depose Defendants Kimmel, Brown, and Sheriff Snyder in this matter in late June or early July which is prior to the current discovery deadline of September 9th. The Defendants seek a stay of discovery in this case pending the Court's ruling on their Motion to Dismiss on the basis of qualified immunity and in light of the video evidence submitted with the motion[2] which demonstrates that the Complaint fails to raise a right to relief above the speculative level.

10.    Where properly invoked, qualified immunity shields government officials not only from liability but from litigation itself, including discovery and trial. Hill v. DeKalb Reg'l Youth

---

[1] As the Complaint refers to the body worn cameras of the deputies, the motion to dismiss submits those videos and argues that the video evidence from the body worn cameras of Sgt. Kimmel, Deputy Brown and K-9 Deputy McNeal, particularly when viewed simultaneously, affirmatively demonstrates that law enforcement did not locate Mr. Miles on the night of February 7th, 2023 as alleged in the Complaint nor was any force, much less *excessive* force, used against him. The motion further argued that the allegations of the Complaint concerning deliberate indifference to Miles' welfare and safety were not supported by the video evidence.

[2] See Baker v. City of Madison, Alabama, 2023 WL 3220975 (11th Cir. 2023).

Det. Ctr., 40 F.3d 1176, 1184 (11th Cir.1994). "Although the trial court has substantial discretion in discovery matters, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Crawford-El v. Britton, 523 U.S. 574, 597-98, 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998). Once the qualified immunity defense is raised, "balancing is done with a thumb on the side of the scale weighing against discovery." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998).

11.    Discovery in this matter should be stayed pending resolution of the motion to dismiss and the qualified immunity defense raised by the Defendants. The Defendants will be prejudiced if they are needlessly forced to endure the rigors, inconvenience, and expense of discovery only to have the claims against one or more of them dismissed on the basis of qualified immunity.

12.    Counsel for the Defendants, in accordance with Local Rule 7.1(a), certifies that she has consulted with Plaintiff's counsel regarding this motion. Plaintiff's counsel advised that he opposes the relief sought herein.

WHEREFORE, for the reasons set forth above and in the accompanying memorandum, the Defendants respectfully request this Court grant their Motion to Stay Discovery Pending the Court's Ruling on the Defendants' Motion to Dismiss.

## MEMORANDUM OF LAW

A.  The Standard for Obtaining a Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936). According to Federal Rule of Civil Procedure 26(c), the court may, "for good cause shown . . .

4

make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." According to Federal Rule of Civil Procedure 26(c)(1), such orders may include "forbidding the disclosure of discovery; …[or] specifying terms, including time and place or the allegation of expenses, for the disclosure or discovery…."

B.  Proceedings Should be Stayed Pending Ruling on Motions to Dismiss.

The defense of qualified immunity affords public officials broad protections from the rigors, intrusion, and expense associated with defending against unwarranted civil rights actions. For example, qualified immunity shields government officials from liability for damages arising from conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). However, qualified immunity not only provides a defense to liability, but it also gives a public official immunity from suit itself. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985).

The defense of qualified immunity also extends to insulate public officials from the burdens associated with engaging in discovery. Behrens v. Pelletier, 516 U.S. 299, 308, 116 S.Ct. 834, 839 (1996); see also Anderson v. Creighton, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 (1987) ("One of the purposes of the Harlow qualified immunity standard is to protect public officials from . . . discovery...."). Until the threshold issue of qualified immunity has been resolved, discovery should not be allowed. See Harlow, 457 U.S. at 818, 102 S.Ct. at 2738; Siegert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793 (1991). Consequently, a court should stay proceedings pending resolution of a public official's qualified immunity defense. See Howe v. City of Enterprise, 861 F.3d 1300, 1302 (11th Cir. 2017) ("immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th

Cir. 1994)("district court properly stayed discovery until it decided the qualified immunity issue");

see also, Mp aka v. Migoya, 2019 WL 3001634 (S.D. Fla. 2019) (order granting abatement of

discovery pending resolution of qualified immunity defense raised in motion for judgment on the

pleadings).

    The Defendants will be prejudiced if discovery is not stayed pending resolution of the qualified

immunity issue. A fundamental protection afforded by qualified immunity is freedom from the

rigors, inconvenience, and expense of discovery and other pretrial proceedings. See Behrens, 516

U.S. at 308, 116 S.Ct. at 839. Absent a stay of discovery pending the resolution of the Motion to

Dismiss, the Defendants will lose that protection.

    WHEREFORE, for the foregoing reasons, the Defendants respectfully request that this Court

grant their Motion to Stay Discovery pending resolution of their Motion to Dismiss.


### LOCAL RULE 7.1(a)(3) STATEMENT

    Undersigned counsel certifies that she has conferred with Plaintiff's counsel Byron

Acosta regarding the relief sought in this motion and he has indicated that he objects to the relief

sought herein.


BY:        */s/ Summer M. Barranco*
           SUMMER M. BARRANCO, ESQUIRE
           Fla. Bar No. 984663

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: **BYRON BRANDON ACOSTA, ESQUIRE,** Byron Acosta, P.A., 8461 Lake Worth Road, Lake Worth, FL 33467, byron@lawofficebyronacosta.com this 5th day of June, 2024.

                    */s/ Summer M. Barranco*
                    SUMMER M. BARRANCO, ESQUIRE
                    Fla. Bar No. 984663
                    PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
                    2455 E. Sunrise Boulevard, Suite 1216
                    Fort Lauderdale, Florida 33304
                    Telephone:    (954) 462-3200
                    E-mail: Summer@purdylaw.com;
                            Isabella@purdylaw.com
                    Attorneys for *Defendants*