**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

ESTATE OF TYRONE MILES, JR.,               Civil Division

      Plaintiff,
           v.

SHERIFF WILLIAM D. SNYDER, et al.          Case No. 2:23-cv-14302-MOORE/McCabe

      Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

The Plaintiff, the Estate of TYRONE MILES, JR., through undersigned counsel, hereby files this Response in Opposition to Defendants' Motion to Stay Discovery Pending a Ruling on Motion to Dismiss (and Memorandum of Law) ("Motion"), and in support thereof states as follows:

1.      Plaintiff filed the instant action ("Complaint") against Defendants on October 6, 2023.

2.      On March 11, 2024, this Court entered a *sua sponte* Order Setting Discovery Procedure ("Discovery Order") "[i]n order to efficiently resolve discovery disputes."  (D.E. 32.)

3.      The Discovery Order requires pre-filing communication of the parties prior to filing any discovery motion.  Additionally, the Discovery Order requires that any such motions "be **no longer than 5 pages**" (emphasis in original).  Discovery Ord. at I.B.

4.      This Court's Discovery Order also provides that:

1

> Objections that claim a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless, and will be found meritless by the Court. A party objecting on those grounds must explain the specific and particular way in which the request is vague, overly broad, or unduly burdensome." *Id.* at II.B.

5.    On June 5, 2024, Defendants filed their Motion.  (D.E. 38.)

6.    This Court should deny the Defendant's Motion or, in the alternative, grant the Motion and amend its Scheduling Order to extend the current discovery deadline of September 9, 2024, in order to avoid unfair prejudice to Plaintiff.

## MEMORANDUM OF LAW

### Defendant's Motion Fails to Comply with the Court's Discovery Order and must be Denied

As a preliminary matter, because Defendants' Motion seeks to stay discovery, and Plaintiff opposes the Motion, it constitutes a "discovery dispute" that falls under the purview of the Court's Discovery Order.  As such, the Motion must comply with the requirements outlined in the Court's Discovery Order—the motion does not.

Under the Discovery Order, discovery motions "shall be **no longer than 5 pages**" (emphasis in original) (D.E. 32 at I.B.).  Defendants' Motion is 6 pages, excluding the Certificate of Service, and therefore violates the Discovery Order.  As such, the Court should deny the Motion.

Secondly, the Motion violates the Discovery Order by misconstruing the legal standard for when a qualified immunity defense should stay discovery, as the below argument demonstrates.  The Motion is, therefore, tantamount to an impermissible standalone objection that discovery in this case is unduly burdensome; it is an attempted end-run around the Court's attempt to resolve discovery disputes efficiently.  Accordingly, this Court should deny the Motion as violative of the Discovery Order.

### Defendants' Motion to Stay Discovery Misconstrues When a Qualified Immunity Defense Should Stay Discovery

As a threshold matter, Defendants' Motion presupposes that their qualified immunity defense is valid because Defendants were performing discretionary governmental functions. *See Case v. Eslinger,* 555 F.3d 1317, 1325 (11th Cir.2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  *See also Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir. 2008)). However, Plaintiff does not concede this: indeed, the facts in the Complaint, taken as true, allege that Defendants "ceased acting within the scope of their authority when they pursued, beat, and drowned Mr. Miles."  Pl.'s Opp. to Defs.' Mot. to Dismiss, D.E. 34, at 12.  Because Defendants were not acting within the scope of their authority, they are not entitled to a qualified immunity defense; as such, the Court should deny their request for a stay of discovery.

Even if Defendants meet the threshold criterion of acting within the scope of their authority, *Harlow* and its progeny cases, cited by Defendants, contain another caveat for when to stay discovery pending adjudication of a qualified immunity claim.  Defendants ignore this caveat, upon which any stay hinges.  In *Harlow,* the Supreme Court stated that "[w]e therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages **insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known**. (Emphasis added.) *Id.* at 457 U.S. 800, 818.  Taking plaintiff's allegations as true at the motion to dismiss stage, by pursuing, beating, and drowning Mr. Miles, Defendants violated his clearly established constitutional rights, of which a reasonable person would have known. Accordingly, Defendants' qualified immunity defense cannot trigger a stay of the discovery.

Defendants' Motion also overlooks that every case where courts have stayed discovery

due to a pending qualified immunity defense has occurred after the summary judgment stage. This is important because if a defendant establishes that their alleged conduct falls within their discretionary job responsibilities, the first requirement for plaintiff to defeat a qualified immunity defense is a mixed question of law and fact about whether the defendant in fact violated the plaintiff's rights. *Hall v. Flournoy,* 975 F.3d 1269, 1275 (11th Cir. 2020). At this stage of the case, the only facts for this inquiry are the allegations in Plaintiff's Complaint. Taken as true, those facts demonstrate that Defendants engaged in an imprudent pursuit, beat, and drowned, or caused the drowning of, Mr. Miles. In that regard, this case is distinguishable from the cases cited by Defendants. In those cases, enough facts existed at summary judgment that necessitated staying discovery since it was likely that Defendants were entitled to a ruling on qualified immunity. *See Harlow,* 457 U.S., 818 ("[o]n summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred"). Because this case is at the motion to dismiss stage, with no other facts refuting that Defendants violated Plaintiff's clearly established constitutional rights, unlike the cases cited by Defendants, this Court should deny Defendants' Motion to Stay Discovery.

Finally, if the Court grants Defendants' Motion, in addition to staying discovery, the Court should also amend its Scheduling Order to extend the current discovery deadline of September 9, 2024. This will ensure that Plaintiff has sufficient time to obtain discovery and prove its case. Not extending the discovery deadline in the event of a stay would unfairly prejudice Plaintiff.

## **Conclusion**

For the foregoing reasons, Plaintiff, the Estate of TYRONE MILES, JR., respectfully requests that this Court deny Defendants' Motion to Stay Discovery Pending a Ruling on

4

Motion to Dismiss.  Alternatively, Plaintiff requests that if the Court grants Defendants' motion, the Court also amend the Scheduling order to extend the discovery deadline of the case.  Not doing so would unfairly prejudice Plaintiff.

<div style="margin-left:50%;">

Respectfully submitted,

s/Byron B. Acosta
Byron B. Acosta, Esq.
Fla. Bar No. 1039193
BYRON ACOSTA, P.A.
8461 Lake Worth Rd Ste 466
Lake Worth, FL 33467-2474
Telephone: (561) 805-3580
Facsimile:

*Attorneys for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

I, **Byron A. Acosta**, certify that the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send an electronic copy to: **Summer M. Barranco**, Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304, Telephone: (954) 462-3200, Summer@purdylaw.com, this 8th day of June 2024.

<div style="margin-left:50%;">

s/Byron B. Acosta, Esq.

</div>