UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| ESTATE OF TYRONE MILES, JR., <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF WILLIAM D. SNYDER, as Sheriff of MARTIN COUNTY; the MARTIN COUNTY SHERIFF'S OFFICE and its agents, servants, employees, employers, officers of Martin County, Florida; SAMUEL KIMMEL; and WILLIAM BROWN, individually as Deputy Sheriffs of the Martin County Sheriff's Office; and UNKNOWN DEPUTIES 1-10, individually as Deputy Sheriffs of the Martin County Sheriff's Office. <br> Defendants. | Civil Division <br><br><br><br> Case No. 2:23-cv-14302-MOORE |

**PLAINTIFF'S MOTION TO LIFT STAY AND FOR
RULING ON DEFENDANT'S MOTION TO DISMISS**

The Plaintiff, the Estate of TYRONE MILES, JR., through undersigned counsel, hereby files this Motion to Lift Stay, and in support thereof states as follows:

1. Plaintiff filed the instant action ("Complaint") against Defendants on October 6, 2023.

2. On August 14, 2024, this Court granted Defendant's Motion to Stay Discovery and Motion for Continuance of Pretrial Deadlines, pending adjudication of Defendant's Motion to Dismiss.

3. As of the date of the filing, eight months have elapsed since the stay was imposed.

4. Plaintiff has been unable to conduct any discovery during this period, which

1

hampers Plaintiff's ability to prosecute the case effectively. The prolonged stay risks the loss of evidence, fading memories of witnesses, and overall diminishment of Plaintiff's ability to present a robust case.

5.      Plaintiff respectfully moves this Court to lift the stay and/or adjudicate Defendant's Motion to Dismiss, as the absence of a ruling prolongs uncertainty and delays Plaintiff's ability to seek justice on the merits.

## MEMORANDUM OF LAW

### Legal Standard

A district court has broad discretion to stay proceeding as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, such discretion is not unlimited and must be exercised reasonably and consistent with the Court's obligation to secure the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1. Stays of discovery are not favored, particularly when they threaten to cause undue delay or increase litigation costs. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citing *Kron v Medical Corp. v. Growth*, 119 F.R.D. 636 (M.D.N.C. 1988). Courts in this Circuit have repeatedly held that discovery should not be stayed absent a specific showing of prejudice or burdensomeness. *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021); *see also Montoya v. PNC Bank, N.A,* No. 14-20474-CIV, 2014 U.S. Dist. LEXIS 84279, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). There is no general rule that discovery be stayed pending resolution of a motion to dismiss. *Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 U.S. Dist. LEXIS 109035, 2013 WL 3929709, at *1 (S.D. Fla. July 24, 2013). The movant of a motion

to stay bears the burden to show good cause and reasonableness. Feldman, 176 F.R.D. at 652.

Although the Eleventh Circuit in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), suggested that facial challenges should generally be resolved before discovery, it did not endorse indefinite or open-ended stays. Rather, the Court in Chudasama warned that compelling discovery before deciding dispositive motions may waste resources and undermines judicial efficiency. *Chudasama*, 123 F.3d at 1368. Accordingly, while temporary stays may be appropriate, they should not persist indefinitely without a ruling. The Eleventh Circuit cautioned in *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000), "immoderate or indefinite" stays are disfavored and must be scrutinized for harm and fairness.

### The Current Stay has Prejudiced Plaintiff and is No Longer Warranted

While a pending motion to dismiss may in some cases warrant a temporary stay, there is no general rule that discovery must be stayed until such motions are resolved. *Reilly*, 2013 WL 3929709, at 1; see also *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) ("Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district.").

The Court initially acted within its discretion to stay discovery while evaluating Defendant's Motion to Dismiss. However, the absence of a ruling more than eight months later, coupled with a blanket prohibition on discovery, has now resulted in substantial prejudice to Plaintiff due to the extended passage of time. Such a lengthy delay frustrates Rule 1's mandate for just, speedy, and inexpensive proceedings. Fed. R. Civ. P. 1. The delay jeopardizes the preservation of evidence, risks the fading recollections of key witnesses, hinders Plaintiff's ability to develop claims or counter anticipated defenses, and needlessly prolongs litigation. [A] motion to stay discovery . . . is rarely appropriate unless resolution of

3

the motion will dispose of the entire case." *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170, 2008 WL 290619, at *2 (S.D. Fla. July 14, 2008). Even then, the Court must "take a preliminary peek" at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive before granting a stay of discovery. Feldman, 176 F.R.D. at 652–53.

Here the case has remained stayed without a ruling for over eight months, creating a substantial prejudice to Plaintiff. The delay appears to stem not from the parties' conduct but from the pendency of the unresolved motion. While *Chudasama* recognized the efficiency of ruling on dispositive motions early, it does not authorize indefinite discovery delays without judicial action. As the court in *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012), observed, "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." No such justification exists for the current eight-month delay. At this point, the balance of interest strongly weighs in favor of lifting the stay, or at minimum, ruling on the Motion to Dismiss to allow the case to proceed accordingly.

In *Cuhaci v. Kouri Grp., LP*, the Southern District Court took a "preliminary peek" at the pending Motions to Dismiss and held that the case did not present the type of "especially dubious" claim faced by the *Chudasama* Court where disposing of the case by motion to dismiss would avoid "needless and extensive discovery." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021). Likewise here, Plaintiff's claims do not present the sort of "especially dubious" allegations that justify delay and stay of discovery and do not facially lack merit. Nor has Defendant demonstrated undue burden or prejudice from discovery proceedings. The continued stay, absent a decision on the motion to dismiss or a showing of undue burden, is no longer warranted. In the interest of fairness, efficiency, and

4

adherence to Rule 1, the stay should be lifted, or at minimum, a ruling on the pending Motion to Dismiss should be adjudicated. Delaying discovery not only hampers Plaintiff's ability to gather and preserve evidence, but also exacerbates the challenges posed by fading memories and the potential loss of key witnesses. As the passage of time continues, the ability to gather crucial information becomes increasingly difficult.

### The Qualified Immunity Doctrine Does Not Justify Continued Stay of Discovery

Even assuming the Defendants appropriately assert a qualified immunity defense, this Court should lift the discovery stay. The legal standard for staying discovery pending a qualified immunity determination has been prematurely and incorrectly applied. As recognized by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), government officials are only shielded from discovery if their conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Therefore, the mere assertion of qualified immunity does not automatically entitle a defendant to a stay of discovery.

Courts in this Circuit have consistently held that qualified immunity does not warrant staying discovery when the plaintiff alleges a violation of clearly established law, and the case is still at the pleading stage. In *Case v. Eslinger*, the Eleventh Circuit emphasized that, to overcome a qualified immunity defense, a plaintiff must allege facts demonstrating that the defendant's conduct violated a constitutional right and that the right was clearly established at the time of the alleged misconduct. *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009). Similarly, in *Hall v. Flournoy*, the Eleventh Circuit observed that qualified immunity is typically a legal question determined at the summary judgment stage, and discovery should proceed unless the defendant demonstrates that the plaintiff's allegations are insufficient to overcome the defense. *Hall v. Flournoy*, 975 F.3d 1269, 1275 (11th Cir. 2020).

5

In this case, Plaintiff's allegations, when taken as true at the motion to dismiss stage, assert that Defendants engaged in conduct that clearly violated the decedent's constitutional rights. These allegations do not present "especially dubious" claims that would justify a stay of discovery. Therefore, the qualified immunity defense is premature and cannot serve as a basis for continuing the stay of discovery.

Moreover, Defendants' reliance on qualified immunity at this stage effectively bypasses the normal process for adjudicating such defenses. Courts generally evaluate qualified immunity based on a more complete record, such as at the summary judgment stage. *Harlow*, 457 U.S. at 818 (holding that "[o]n summary judgment, the judge appropriately may determine . . . whether [the] law was clearly established at the time an action occurred"). However, this case has not yet reached that point, and the only facts currently available are those presented in the Complaint, which, when taken as true, support Plaintiff's claim that Defendants violated clearly established constitutional rights.

Therefore, given that the stay was imposed prior to the Court's consideration of the full evidentiary record and relies on an inappropriate and premature application of the qualified immunity standard, the stay should be lifted to permit the parties to proceed with discovery.

## **Conclusion**

For the foregoing reasons, Plaintiff, the Estate of TYRONE MILES, JR., respectfully requests that this Court lift the stay imposed on August 14, 2024, promptly rule on Defendant's Motion to Dismiss [D.E. 16] and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/Byron B. Acosta
Byron B. Acosta, Esq.
Fla. Bar No. 1039193
BYRON ACOSTA, P.A.
2393 S. Congress Ave
West Palm Beach, FL 33406
Telephone: (561) 805-3580
Facsimile: (561) 805-3601
*Attorney for Plaintiff*

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I, **Byron A. Acosta**, certify that on May 7th, 2025, I have conferred with Defendant's counsel **Summer M. Barranco**, Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A., regarding the relief sought in this motion, and Defendant's counsel has indicated she objects to the relief sought in this motion.

## CERTIFICATE OF SERVICE

I, **Byron A. Acosta**, certify that the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send an electronic copy to: **Summer M. Barranco**, Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A., 2455 E. Sunrise Boulevard, Suite 1216, Fort Lauderdale, Florida 33304, Telephone: (954) 462-3200, Summer@purdylaw.com, this 8th day of May 2025.

s/Byron B. Acosta, Esq.