UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ESTATE OF TYRONE MILES, JR.,　　　　　　　　CASE NO.: 2:23-cv-14302-MOORE

　　　　Plaintiff,

v.

SHERIFF WILLIAM D. SNYDER, as Sheriff of
MARTIN COUNTY; the MARTIN COUNTY
SHERIFF'S OFFICE and its agents, servants,
employees, employers, officers of Martin County,
Florida; SAMUEL KIMMEL; and WILLIAM
BROWN, individually as Deputy Sheriffs of the
Martin County Sheriff's Office; and UNKNOWN
DEPUTIES 1-10, individually as Deputy Sheriffs
of the Martin County Sheriff's Office,

　　　　Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO LIFT STAY AND FOR RULING ON DEFENDANTS' MOTION TO DISMISS [DE 44]

The Defendants, by and through their undersigned counsel, file this Response to Plaintiff's Motion to Lift Stay and For Ruling on Defendants' Motion to Dismiss [DE 44] and would state as follows:

In Plaintiff's motion, the Estate seeks for "this Court to lift the stay [of discovery] and/or adjudicate Defendant's (sic) Motion to Dismiss…." [DE 44, pg. 2]. While the Defendants certainly have no qualms about the Court ruling on their Motion to Dismiss, Defendants oppose Plaintiff's Motion to the extent Plaintiff is requesting the Court to lift the stay *before* it rules on their Motion to Dismiss.

The Plaintiff in a conclusory manner claims that it has been prejudiced by the current stay and that it is no longer warranted. [DE 44, pg. 3]. However, Plaintiff offers nothing of substance to support that assertion or show that it has actually been prejudiced by the current stay. The stay

1

here is not indefinite or immoderate. It is not tied to the outcome of another related proceeding that could take years to conclude. See Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). The mere passage of time, in this case several months, which given the Court's busy dockets is not surprising, is simply an insufficient basis to force the Defendants to expend the time and expense associated with discovery in this case when the question of their entitlement to qualified immunity, particularly in light of the video evidence before the Court, remains pending. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997)(Court discusses the time and expense of discovery, negative impact on judicial efficiency). While Mr. Miles' death was certainly a tragic event, the video evidence properly considered by the Court does not support the Complaint's allegations of wrongdoing on the part of the Defendants, making them, despite what Plaintiff's Motion asserts, especially dubious. What prompted this Court to properly enter a stay in the first place continues to be true such that the stay should remain in place until such time as the Court rules on the Defendants' Motion to Dismiss.

By way of procedural history, the Complaint alleges that Defendants Kimmel and Brown, who are Martin County Sheriff's deputies, used excessive force upon Tyrone Miles, Jr. and were deliberately indifferent to his safety and welfare following an early morning incident on February 7, 2023 when Miles fled from police, first in a car which was reportedly stolen, and then on foot. Mr. Miles' dead body was recovered three days later in the St. Lucie Canal. The Complaint appears to claim that Defendants Kimmel and Brown caused Mr. Miles' death because of "unexplained compressive-type blunt force injury of the [body's] upper and lower extremities." [DE 1, ¶32].

Defendants filed a Motion to Dismiss together with the body worn camera video footage which shows that Plaintiff's claims about Defendants being involved in Mr. Miles' demise are speculative at best and that they are entitled to qualified immunity in this case. Specifically, the

video footage of Defendants from the subject incident shows that not only did they not use excessive force upon Miles, but they never even located him following his bail out from the stolen car. As the Eleventh Circuit has recently stated "when resolving a motion to dismiss . . ., a court may properly consider videos or documents not referred to or attached to a complaint under the incorporation-by-reference doctrine if the video or document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." See Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024)[1]. Here, these elements are met in that the BWC footage depicts the early morning subject incident which is central to Plaintiff's claims and Plaintiff did not dispute the authenticity of the videos in its Response. (See DE 34). Since the BWC videos do not support the Complaint's factual assertions of wrongdoing by the Defendants, the Court need not accept those allegations as it is not required to rely on "visible fiction." Baker v. City of Madison, Alabama, 67 F.4th 1268, 1278 (11th Cir. 2023) citing to Scott v Harris, 550 U.S. 372, 380–81, 127 S. Ct. 1769, 1776 (2007).

Plaintiff's Motion to Lift Stay also asserts:

> Even assuming the Defendants appropriately assert a qualified immunity defense, this Court should lift the discovery stay. The legal standard for staying discovery pending a qualified immunity determination has been prematurely and incorrectly applied…. In this case, Plaintiff's allegations, when taken as true at the motion to dismiss stage, assert that Defendants engaged in conduct that clearly violated the decedent's constitutional rights. These allegations do not present "especially dubious" claims that would justify a stay of discovery. Therefore, the qualified immunity defense is premature and cannot serve as a basis for continuing the stay of discovery. Moreover, Defendants' reliance on qualified immunity at this stage effectively bypasses the normal process for adjudicating such defenses.

[DE 44, pgs. 5-6].

These arguments, however, ignore both the video evidence which is properly considered

---

[1] This can be done without converting the motion to dismiss to one for summary judgment. See Johnson, 107 F.4th at 1299-1300.

on Defendants' Motion to Dismiss as already stated above, as well as the law which sets forth the very nature of qualified immunity and the importance of its determination at the earliest possible point in litigation. As has long been the law, where properly invoked, qualified immunity shields government officials not only from liability but from litigation itself, including discovery and trial. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1184 (11th Cir.1994). "Although the trial court has substantial discretion in discovery matters, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Crawford-El v. Britton, 523 U.S. 574, 597-98, 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998). Once the qualified immunity defense is raised, "balancing is done with a thumb on the side of the scale weighing against discovery." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir.1998).

"The Supreme Court and [the Eleventh Circuit] have "repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Miller v. Palm Beach County Sheriff's Office, 129 F.4th 1329, 1333 (11th Cir. 2025)(internal citations omitted); see also Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003)(internal citations omitted). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Thus, an entitlement to qualified immunity "raised ... on a motion to dismiss ... *will* be granted if the complaint fails to allege the violation of a clearly established constitutional right." (internal citations omitted)). Miller, 129 F.4th at 1333-34 (internal citations omitted). Although the Complaint alleges that the Defendants violated clearly established law, the Court need not accept such legal conclusions as

4

true, particularly where the video evidence demonstrates otherwise. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009); Baker, supra at 1278.

Discovery in this matter should continue to be stayed pending resolution of the Motion to Dismiss and the qualified immunity defense raised by the Defendants. The Defendants will be prejudiced if they are needlessly forced to endure the rigors, inconvenience, and expense of discovery only to have the claims against them dismissed on the basis of qualified immunity. See Oueiss v. Saud, 2021 WL 11606313, *2-3 (S.D. Fla. 2021); Howe v. City of Enterprise, 861 F.3d 1300, 1302 (11th Cir. 2017) ("immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994)("district court properly stayed discovery until it decided the qualified immunity issue"); see also, Mp aka v. Migoya, 2019 WL 3001634 (S.D. Fla. 2019).

Plaintiff's Motion should be denied.

                                Respectfully submitted,

BY:    */s/ Summer M. Barranco*
        SUMMER M. BARRANCO, ESQUIRE
        Fla. Bar No. 984663

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send an electronic copy to: **BYRON BRANDON ACOSTA, ESQUIRE,** Byron Acosta, P.A., 8461 Lake Worth Road, Lake Worth, FL 33467, byron@lawofficebyronacosta.com this 22nd day of May, 2025.

                */s/ Summer M. Barranco*
                SUMMER M. BARRANCO, ESQUIRE
                Fla. Bar No. 984663
                PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
                2455 E. Sunrise Boulevard, Suite 1216

Fort Lauderdale, Florida 33304
Telephone:     (954) 462-3200
E-mail: Summer@purdylaw.com;
             Isabella@purdylaw.com
Attorneys for *Defendants*